ANDINO, PLAINTIFF AND APPELLEE, *v.* CANALES, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in an Action of Unlawful Detainer.

No. 1723.—Decided February 4, 1918.

PLEADING—JURISDICTION—SUMMONS—SERVICE.—Pleadings in the district courts should be made in writing in consonance with sections 118 and 135 of the Code of Civil Procedure, but this does not prevent the lower court or the Supreme Court from considering whether the court had jurisdiction over the defendant by inquiring into whether the summons was served according to the substantial requirements of the law.

ID.—UNLAWFUL DETAINER—CAUTION TO DEFENDANT—SUMMONS.—Omitting to caution the defendant that in case of his failure to appear either in person or by lawful agent judgment of unlawful detainer will be taken against him without further summons or hearing, as required by subdivision 2 of section 5 of the Unlawful Detainer Act, is a material defect which invalidates the summons, as it deprives the defendant of his right to be informed of what may result if he should fail to appear.

The facts are stated in the opinion.

*Messrs. Ramírez Pabón & Hernández* for the appellant.
*Mr. Antonio Trujillo Güil* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal by the defendant from a judgment of the District Court of San Juan, Section 2, of June 18, 1917,

sustaining a complaint filed by plaintiff Agustín M. de Andino praying for the eviction of the defendant from an urban property described in the said complaint.

The judgment reads as follows:

"On this 18th day of June, 1917, this cause was called in open court for the first hearing which had been set for this date, the plaintiff appearing by his attorney who announced that he was ready for trial.

"The defendant did not appear, but Attorney Ignacio Hernández stated that he appeared for the defendant for the sole purpose of objecting to the summons without submitting to the jurisdiction of the court. He filed no written pleading.

"After overruling the motion of Attorney Hernández he voluntarily withdrew from the hearing and the plaintiff introduced his evidence consisting only of two documents, no oral testimony being offered.

"In view of the evidence and the failure of the defendant to appear formally, the court renders judgment sustaining the complaint and adjudging that the defendant vacate the property in suit within twenty days, * * * without special imposition of costs."

The return on the summons shows, among other things, that service was made on Juana Canales personally at her home by leaving with her a copy thereof together with a copy of the complaint, but it does not state that the defendant was cautioned that in case of her failure to appear, either in person or by lawful agent, judgment of unlawful detainer would be taken against her without further summons or hearing, as required by section 5 of the Unlawful Detainer Act of March 9, 1905.

The appellant alleges as a ground for the appeal that the judgment is void because the court did not acquire jurisdiction over the person of the defendant for the reason that she had not been summoned according to law. The appellee contends that a special appearance and motion to quash the summons should be made in writing and state the reasons on which it is based.

We understand that according to sections 118 and 135 of the Code of Civil Procedure pleadings in the district courts should be made in writing, as held by Mr. Justice McLeary in his concurring opinion in the case of *Olivieri et al.* v. *Jones,* 17 P. R. R. 1115, which doctrine was followed by this court in the case of *Mongil* v. *Castro,* 19 P. R. R. 650, but this does not prevent the lower court or this court from considering whether or not jurisdiction was acquired over the defendant by inquiring into whether the service of the summons meets the substantial requirements of the law; for, as repeatedly held by this court, the question of lack of jurisdiction of the court and of the insufficiency of the facts to constitute a cause of action may be considered *motu proprio* without the necessity of their being pleaded in the district court or in this court.

In order that a defendant may be subjected to the jurisdiction of the court it is necessary that he be summoned in the manner prescribed by law, and also that a return be made to the court showing that the summons was so served and that the requirements of the statute were duly complied with, without prejudice to the provision of section 98 of the Code of Civil Procedure. *Orcasitas* v. *Márquez et al.,* 19 P. R. R. 454.

In the case of *López v. Meléndez,* 22 P. R. R. 145, we impliedly or tacitly disposed of the question now before us in holding that in an action of unlawful detainer in which the summons cautions the defendant that in case he fail to appear to plead the suit will be proceeded with to final judgment without further notice or hearing, the requirements of law are substantially complied with. The defendant was not cautioned at all in the present case and therefore the statutory requirement on that point was not complied with. The court did not acquire jurisdiction over the person of the defendant.

See also the case of *Rubio* v. *Rodríguez,* 25 P. R. R. 170, in which, in considering a proceeding in certiorari, we said

that the petition did not allege that the defendant was cautioned in the summons when it was served that in case of his failure to appear, either in person or by a lawful agent, judgment of unlawful detainer would be taken against him without further summons or hearing, as required by section 5 of the Act of March 9, 1905, and it did not appear that the summons conformed to all the statutory requirements, for which reason the petition for a writ of certiorari was defective.

We understand that a mere irregularity does not vitiate the summons and in support of this refer to the doctrine laid down in the cases of *Serrano* v. *Berdiel et al.,* 22 P. R. R. 416, and *Llorens* v. *Castillo,* 22 P. R. R. 624, but the omission of the caution prescribed by clause 2 of section 5 of the Unlawful Detainer Act is a material defect which voids the summons because it deprives the defendant of his right to be informed of what may occur in case he should fail to appear.

The judgment appealed from should be reversed and the case remanded to the lower court for further proceedings not inconsistent with the principles herein laid down.

*Reversed and remanded.*

Justices Wolf, del Toro and Hutchison concurred.

Mr. Justice Aldrey took no part in the decision of this case.